972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott William THOMPSON, aka Tony, Defendant-Appellant.
 No. 90-30308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 17, 1992.*
Decided Aug. 21, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Thompson appeals from his conviction by jury for conspiracy in violation of 18 U.S.C. § 371. He claims that the district court erred by instructing the jury that it could find Thompson guilty of conspiracy to assist in his own escape.
 
 
 3
 The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction over Thompson's timely appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. §§ 1291, 1294(1).
 
 
 4
 Whether the instruction correctly stated the law is a legal question to be reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 5
 Scott Thompson was charged pursuant to 18 U.S.C. § 371 with conspiracy to instigate or assist an escape in violation of 18 U.S.C. § 752(a), to escape from custody in violation of 18 U.S.C. § 751, and to ship, transport or receive a firearm in interstate commerce with intent to commit an offense punishable by imprisonment for a term of more than one year, in violation of 18 U.S.C. § 924(b). The conspiracy was to accomplish Thompson's escape from federal custody. He was found guilty by a jury and sentenced to sixty months of imprisonment followed by three years of supervised release.
 
 
 6
 The district court instructed the jury that in order to find Thompson guilty of conspiracy, the jury must find that Thompson and his co-conspirators intended to engage in conduct which would violate at least one of the three laws listed in the indictment: escape, aiding or assisting an attempted escape, and transporting or receiving a firearm in interstate commerce with intent to commit a felony.
 
 
 7
 Because the object of the conspiracy was Thompson's escape, he claims that section 752(a), aiding or assisting an attempted escape, could not be the overt act upon which his conviction for conspiracy was based.
 
 
 8
 To convict Thompson, the jury needed to find that he intended to join in a conspiracy. One of the objects of the conspiracy was to assist in Thompson's escape. Although Thompson, himself, could not assist in his own escape, the other conspirators could. The conspiracy agreement plus the overt acts of the other co-conspirators to assist in his escape were sufficient to sustain the conviction for conspiracy.
 
 
 9
 Thompson argues that inclusion of section 752(a) in the instruction allowed the jury to convict him as an accessory even if the jury found that the principal, Thompson, had not attempted to escape in violation of section 751. However, Thompson was convicted of conspiracy, not of violating section 751 or section 752(a).
 
 
 10
 Thompson conspired for assistance in his own escape. The instruction made clear that only the attempt to achieve Thompson's escape, and not the escape of any other person, was at issue. The district court did not err.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3